UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| ALAN LITTLETON,<br><br>    **Plaintiff,**<br><br>V.<br><br>LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON d/b/a LIBERTY<br>MUTUAL,<br><br>    **Defendant.** | CIVIL ACTION NO. 6:15-187-KKC<br><br><br>**MEMORANDUM OPINION AND<br>ORDER** |

\*\*\* \*\*\* \*\*\*

This ERISA action is before the Court on Defendant Liberty Life Assurance Company of Boston's motion for application of the arbitrary and capricious standard of review. (DE 14). For the reasons set forth below the Court will grant Defendant's motion.

## I. BACKGROUND

This dispute involves a group disability insurance policy (the "Policy") issued by Defendant to Plaintiff Alan Littleton's employer LPC Services, Inc. to provide coverage for its group insurance plan (the "Plan"). Plaintiff obtained coverage through documents issued by his employer describing the Plan terms. Those terms made clear that claims were to be administered by Defendant. On October 28, 2015, Plaintiff filed a complaint with this Court alleging that Defendant wrongfully denied him benefits due under the Policy when it halted payments in December of 2014. (DE 1.) This Court has jurisdiction over these claims pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, which provides a mechanism for enforcing insurance policies like Plaintiff's.

This Court's January 12, 2016, scheduling order set a briefing schedule in the event that the parties could not agree on the applicable standard of review. (DE 9.) Defendant argues for the deferential arbitrary and capricious standard based on the Plan documents issued by Plaintiff's employer, which delegate discretionary authority to Defendant for administration of the claims made under the Plan. (DE 16 at 1.) Plaintiff argues for a *de novo* review relying on provisions of the Texas Insurance Code, which Plaintiff contends invalidate the Plan documents' grant of discretion. (DE 15 at 3.)

## II. ANALYSIS

Courts reviewing benefit determinations under ERISA apply a *de novo* standard unless the plan provides "the administrator or fiduciary discretionary authority to determine eligibility for benefits," in which case a "deferential standard of review [is] appropriate." *Firestone*, 489 U.S. at 111, 115. Both parties agree that the *Policy* documents do not confer discretion because, even if they sought to, any conferral of discretion contained therein would be prohibited by Texas law, and that the Texas restriction on discretionary clauses ("Texas Restriction") is saved from preemption by ERISA's savings clause. (DE 15 at 4–5; DE 16 at 1.) Likewise, there is no dispute that the language contained in the *Plan* documents would, if valid, adequately confer the discretion necessary to justify an arbitrary and capricious review standard. (DE 15 at 4.) Thus, the sole issue presented for this Court's determination is whether the Plan document's discretionary language is, like the Policy language, invalidated by the Texas Restriction.

Normally, an Administrator Defendant establishes an entitlement to deferential review by showing "that the benefit plan gives the administrator . . . discretionary authority[.]" *Firestone*, 489 U.S. at 115. However, Texas has restricted insurer's ability to obtain such deferential review through its Insurance Code; section 1701.062 provides that:

2

> (a) An insurer may not use a document described by Section 1701.002 in this state if the document contains a discretionary clause.

Tex. Ins. Code § 1701.062. Section 1701.002 lists the following documents:

> (1) a policy, contract, or certificate of:
>   (A) accident or health insurance, including group accident or health insurance;
>   (B) medical or surgical insurance, including group medical or surgical insurance;
>   (C) life or term insurance, including group life or term insurance;
>   (D) endowment insurance;
>   (E) industrial life insurance; or
>   (F) fraternal benefit insurance;
> (2) an annuity or pure endowment contract, including a group annuity contract;
> (3) an application attached or required to be attached to the policy, contract, or certificate; or
> (4) a rider or endorsement to be attached to, printed on, or used in connection with the policy, contract, or certificate.

Tex. Ins. Code § 1701.002. Plaintiff argues that this language was clearly drafted "to prevent insurers from exercising discretionary authority pursuant to any document issued within the State, no matter the form." (DE 15 at 9.) This Court disagrees.

Plaintiff's position is not supported by the text of law upon which he relies; if the intent of the Texas Legislature was to ban the *exercise* of discretion by insurers pursuant to *any* document, they could have said as much. The plain language of the statute limits "use" of the identified documents, by any insurer, if they contain a discretionary clause. Section 1701.001 defines "use" to include only issuance and delivery. Tex. Ins. Code § 1701.001. There is no dispute that the Plan documents contain a discretionary clause, thus, they would be invalid under the plain language of the Texas Insurance Code if they (1) fall within one of the categories of documents listed in section 1701.002, and (2) they were issued or delivered by an insurer.

The Plan documents were neither issued, nor delivered by an insurer. The documents were issued and delivered by Plaintiff's employer LPC Services, Inc., not the Defendant. Thus, whether or not the Plan documents fall within the scope of 1701.002, they fall outside the scope of the section 1701.062 discretionary clause prohibition. The Plaintiff contends that such a conclusion draws "an artificial distinction between ERISA plan documents and insurance policies" that would render ERISA's savings clause meaningless. (DE 15 at 10.) However, this Court's decision does not rely on a distinction between the types of documents, or an interpretation of ERISA's savings and preemption clauses. Rather, it is the language enacted by the Texas Legislature that creates the distinction now applied, whether artificial or otherwise.

Plaintiff argues that the Texas Restriction might nonetheless "*indirectly* prohibit [Defendant] from exercising discretion over [Plaintiff's] claim." Plaintiff cites to the Supreme Court's rejection of the argument that ERISA preempts any state law contrary to a written plan term in *UNUM Life Ins. Co. of America v. Ward* in support. 526 U.S. 358 (1999). The *Ward* Court stated that such a broad interpretation of ERISA's preemption clause would leave States "powerless to alter the terms of the insurance relationship in ERISA plans; insurers could displace any state regulation simply by inserting a contrary term in plan documents." *Id.* at 376. However, this Court's holding does not conflict with the *Ward* decision because the issue of preemption is largely irrelevant to the case at hand.

As noted above, ERISA's savings clause indisputably applies to save the Texas Restriction from preemption. Likewise, this Court does not question the *availability* of indirect prohibition as an option for the Texas Legislature if it indeed seeks to categorically bar the exercise of discretion by insurance companies administering ERISA plans. If the Texas Restriction either directly or indirectly impacted Plaintiff's employer in its role as a benefit plan provider then the preemption issue would take on greater significance.

4

However, the statute as currently enacted creates only a limited prohibition for documents issued or delivered by an insurer. Other states have enacted insurance laws that do indirectly prohibit certain activities by non-insurer plans by virtue of broader restrictions on contracts that insurers may enter into. Comparing the limited Texas Restriction with these sweeping prohibitions provides further support for this Court's holding and clarifies why any additional discussion of preemption would be superfluous.

For instance, Massachusetts' mandatory mental health benefit law created minimum mental health coverage requirements for: "Any blanket or general policy of insurance . . . or any policy of accident and sickness insurance . . . or any employees' health and welfare fund which provides hospital expense and surgical expense benefits and which is promulgated or renewed to any person or group of persons in this commonwealth[.]" *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 730 n.11 (1985) (quoting Massachusetts Gen.Laws Ann., ch. 175, § 47B). This law created requirements for any insurance contract that was promulgated to any state citizen, not merely contracts issued or delivered by the insurers themselves. In so doing, the Massachusetts law made it necessary for the Court to address the validity of indirect regulation of benefit plans under ERISA's preemption scheme. Massachusetts restricted the terms of *all* insurance contracts and third party insured benefit plans were thus indirectly regulated because their own agreements with their employees could only incorporate policies that contained the mandatory mental health coverage. By contrast, the Texas Restriction, by its terms, seeks to regulate only those documents that insurers themselves issue or deliver. It is not a categorical bar to the exercise of discretion under any policy promulgated to Texas citizens.

If the Texas Legislature sought to indirectly limit the terms a benefit plan might include in its plan documents, they could have limited insurers' ability to enter into any contract that would permit them to exercise discretion in administering a policy they

5

underwrote. They did not do so. Plaintiff has offered no evidence that the Texas Legislature intended to create restrictions other than those they enacted into law. Because the discretion granted to Defendant by the Plan documents does not run afoul of the Texas Restriction, Defendant is entitled to this Court's deference upon review of Plaintiff's claim denial.

Accordingly, **IT IS ORDERED** that Defendant's Motion for application of the arbitrary and capricious standard of review (DE 14) is **GRANTED.**

Dated June 1, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY